# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAVERN BERRYHILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV 10-188-JHP |
| | ) | |
| JUDGE JAMES H. PAYNE, | ) | |
| JUDGE FRANK H. SEAY, | ) | |
| JUDGE RONALD A. WHITE, and | ) | |
| JUDGE STEVEN P. SHREDER, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On May 19, 2010, Plaintiff Lavern Berryhill, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, along with a motion for leave to proceed *in forma pauperis*. The defendants are United States District Judge James H. Payne, United States District Judge Frank H. Seay, United States District Judge Ronald A. White, and United States Magistrate Judge Stephen P. Shreder, all of whom serve in this court. Plaintiff alleges he is a victim, not a prisoner, and he has been held in involuntary servitude in the Oklahoma prison system for more than 20 years. He claims the defendants have conspired with more than 100 other defendants in *Berryhill v. Henry*, No. CIV 10-091-FHS-SPS (E.D. Okla.), to conceal his allegedly illegal incarceration that violates the Thirteenth Amendment to the United States Constitution.

On May 22, 2010, Judge White recused himself from this case, and it was assigned to Chief Judge Payne. Because all the district court judges in this court have been named as

defendants, there is no other judge in this court to whom it can be assigned. Although plaintiff has not requested recusal of the Chief Judge, the question arises whether the Chief Judge should disqualify himself, when he and the other district judges all are named as defendants.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The judge also should disqualify himself if he "[i]s a party to the proceeding." 28 U.S.C. § 455(b)(5)(I). This statute, however, must be read in light of a judge's "duty to sit" on cases filed with the court. *Switzer v. Berry*, 198 F.3d 1255, 1257 (10th Cir. 2000) (citations omitted). Furthermore, "under the 'rule of necessity,' a judge is qualified to decide a case, even if he or she would normally be impeded from doing so, when 'the case cannot be heard otherwise.'" *Id*. at 1258 (quoting *United States v. Will*, 449 U.S. 200, 213 (1980)). Keeping in consideration plaintiff's history of suing the judges in this court, *see Berryhill v. Seay*, No. CIV 10-151-JHP (E.D. Okla. May 10, 2010); *Berryhill v. White*, No. CIV 10-176-JHP (E.D. Okla. June 7, 2010), the court finds this lawsuit brought against all the district court judges in this court "does not operate automatically to render the court unable to hear and decide" the case. *Switzer*, 198 F.3d at 1258. Therefore, the Chief Judge need not disqualify himself.

The court has reviewed the record and construed plaintiff's pro se pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Although plaintiff has not paid the filing fee in this action or been granted leave to proceed *in forma pauperis*, this court is empowered

to dismiss the complaint pursuant to 28 U.S.C. § 1915A:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identity cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief. . . .

28 U.S.C. § 1915A. *See also Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000) ("§ 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee.").

Here, the court finds plaintiff's complaint is both frivolous and malicious. Judges have absolute immunity for their "official adjudicative acts." *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002). There are only two exceptions to this absolute immunity: actions taken outside the judge's judicial capacity, and actions "taken in the complete absence of all jurisdiction." *Stein v. Disciplinary Bd. of Supreme Ct. of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008) (quoting *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)). The court further finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493

U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). Therefore, summary dismissal is appropriate.

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous and malicious, pursuant to 28 U.S.C. § 1915A(b)(1), and plaintiff's pending motions are DENIED as moot.

**IT IS SO ORDERED** this 14th day of June 2010.

James H. Payne
United States District Judge
Eastern District of Oklahoma